## Maynard, et al. v. Maynard.

(Decided January 13, 1928.)

### Appeal from Pike Circuit Court.

Vendor and Purchaser.—In suit on notes given for land conveyed by plaintiff to defendants, evidence held sufficient to support chancellor's conclusion that plaintiff had undertaken to convey only such title as she had and had not warranted title, and that warranty deed had been obtained from her fraudulently.

ZACH JUSTICE for appellants.

PICKLESIMER & STEELE and J. H. ADKINS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellee, whom we shall call the plaintiff, recovered a judgment against appellants, whom we shall call defendants, for $1,200, with interest from November 14, 1924. On that day plaintiff deeded defendants a tract of land containing about 65 acres. Defendants did not record this deed, and twelve days thereafter they presented plaintiff a second deed, which she signed at their request. There was a balance of $1,200 due on the purchase money which defendants failed to pay when due, and plaintiff by this suit sought to enforce the payment of it. Defendants answered that plaintiff had warranted the title to this land, and they had since discovered that she did not own, and hence could not convey them, the coal under two-thirds of it. The defendants alleged that the coal under this two-thirds was worth $1,666.66, and they asked that the notes for $1,200 be canceled and they be given judgment against the plaintiff for $466.66, and as an exhibit, with their answer, they filed an official copy of the second deed. In her reply, the plaintiff alleged that this trade was negotiated on the behalf of defendants by one Ellen Curry, who was a sister-in-law of plaintiff, she and the plaintiff having married brothers, and that Ellen Curry and the defendants knew all about the title to the land, as Ellen Curry and her husband had received an adjoining lot in the division of the Maynard estate; that the plaintiff only undertook to convey the defendants such title as she had; and that the second deed was procured from her with intent to cheat her and prevent the collection of these notes. In another paragraph of her reply, she offered to return the $1,000 cash that

had been paid and to surrender the notes, if defendants would reconvey her the property. The defendants declined to consent to a rescission of the contract, and by rejoinder denied the allegations of the reply.

The attorney who drew the first deed was introduced as a witness, and he testified that it was only a quitclaim deed. This first deed is not in the record. The evidence on behalf of the defendants is that the second deed was copied from the first. They do not, however, say it was copied without change, or that they compared it with the first deed to see that it was correctly copied. After hearing the proof, the chancellor concluded the evidence sustained the plaintiff's view of the contract, dismissed the answer and counterclaim of the defendants, and gave plaintiff a judgment, and we are unable to find anything in this record to justify us in overturning the action of the chancellor.

The judgment is affirmed.